**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HICKSVILLE WATER DISTRICT,<br><br>        Plaintiff,<br><br>v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, PHILIPS NORTH AMERICA LLC, LONG ISLAND INDUSTRIAL GROUP ONE LLC, LONG ISLAND INDUSTRIAL GROUP LLC, LONG ISLAND INDUSTRIAL, LLC, GSM LI LLC, ICA LI LLC, SAF LI LLC, and FED LI LLC,<br><br>        Defendants. | Case No. CV-17-____ |

## JOINT NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendants Long Island Industrial Group One LLC, Long Island Industrial Group LLC, Long Island Industrial, LLC, GSM LI LLC, ICA LI LLC, SAF LI LLC, and FED LI LLC (the "LII Defendants"), by and through their attorneys Greenberg Traurig, LLP, and Defendants Philips Electronics North America Corporation and Philips North America LLC (the "Philips Defendants"), by and through their attorneys Morgan, Lewis & Bockius LLP, hereby file this Joint Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and remove to the United States District Court for the Eastern District of New York the subject action brought by Plaintiff Hicksville Water District ("Plaintiff") from the Supreme Court of the State of New York, County of Nassau, Index No. 606078/2017.

## THE UNDERLYING STATE COURT ACTION

1.      On June 25, 2017, Plaintiff filed this action, captioned *Hicksville Water District v. Philips Electronics North America Corporation, Philips North America LLC, Long Island Industrial Group One LLC, Long Island Industrial Group LLC, Long Island Industrial, LLC, GSM LI LLC, ICA LI LCC,*[1] *SAF LI LLC, and FED LI LLC*, No. 606078/2017, in the Supreme Court of the State of New York, County of Nassau.  Plaintiff served the Complaint on the LII Defendants on June 29, 2017.  Plaintiff served the Complaint on the Philips Defendants on June 28, 2017.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

2.      Plaintiff alleges in the Complaint that LII Defendants and Philips Defendants (collectively "Defendants") maintain liability for contamination of the public water supply of Hicksville, a hamlet within the Town of Oyster Bay, New York.  Exhibit ("Exh.") A at ¶¶ 7-9.  Within the Complaint, Plaintiff alleges that Defendants "own, owned and/or operated a manufacturing business at 230 Duffy Avenue" and permitted pollutants to migrate from their property to an intake well for the public water supply.  *Id.* at ¶¶ 7-9, 23.  These allegations serve as the basis for claims of (i) public nuisance, (ii) negligence, (iii) failure to warn, (iv) negligence per se, (v) trespass, and (vi) private nuisance.  *Id.* at ¶ 38.

3.      In addition to tort claims, Plaintiff alleges that Defendants are liable as an "owner or operator" under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. 9601, et seq.  Exh. A at ¶¶ 175-184.

---

[1] The caption of the Complaint and state court docket incorrectly name "ICA LI LCC" as a defendant; however, the allegations of the Complaint refer to "ICA LI LLC."  Exh. A at ¶¶ 92-98.

4.      Plaintiff seeks compensatory and punitive damages for each claim.  Exh. A at 30. Plaintiff is not seeking equitable relief.

5.      As the Complaint alleges liability for response costs under CERCLA and each additional state law claim forms part of the same case or controversy, Defendants hereby remove this action to this Court as arising under the laws of the United States.

6.      Pursuant to 28 U.S.C. 1446(b)(2)(A), Defendants jointly file the Notice of Removal to this Court.

7.      This Joint Notice of Removal is timely under 28 U.S.C. 1446(b) because it has been filed within thirty days after service of the Complaint and Summons on LII Industrial Defendants in the underlying state court action, which service occurred on or about June 29, 2017, and has been filed within thirty days after service of the Complaint and Summons on the Philips Defendants in the underlying state court action, which service occurred on or about June 28, 2017.

**JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367**

8.      Under 28 U.S.C. § 1331, the District Courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

9.      With regard to claims under CERCLA, under 42 U.S.C. § 9613, "the United States district courts shall have exclusive original jurisdiction over all controversies arising under [CERCLA], without regard to the citizenship of the parties or the amount in controversy."

10.      As the Complaint expressly alleges liability under CERCLA and seeks response costs pursuant to its statutory and regulatory regime, assessment of the applicability of the federal statute will be central to the resolution of the case.

11.      Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.     Here, the entire basis of Plaintiff's claims rest on Defendant's ownership of the Property and their activity thereon, such that they "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

## PROCEDURAL REQUIREMENTS

13.     Venue is proper in this Court.  In addition to the jurisdictional reasons stated above, this Court is "the district court of the United States for the district and division embracing the place where such action is pending."  The state court action is currently pending in the Supreme Court of the State of New York, Nassau County. 28 U.S.C. § 1441(a).

14.     Promptly after the filing of the Joint Notice of Removal, a true and correct copy of the notice will be served on the adverse party pursuant to 28 U.S.C. § 1446(d), and Defendants will file a Notification of Filing of Joint Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Nassau, which will include a copy of this Joint Notice of Removal.

15.     A true and correct copy of the Supreme Court's docket and file for the subject litigation is attached hereto as **Exhibit B**.

16.     This Joint Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

17.     Defendants reserve all defenses and objections to the Complaint including, but not limited to, (a) denying (i) the material allegations contained therein; (ii) that Plaintiff states any claim for which relief may be granted; (iii) that Plaintiff has been damaged in any manner whatsoever; and (b) asserting that the action is barred by estoppel and release.

18.      Defendants reserve the right to amend or supplement this Joint Notice of Removal as necessary and appropriate.

19.      If the question arises as to the propriety of the removal of this action, Defendants request the opportunity to present further briefing in support of its position that this case is removable.

**WHEREFORE**, Defendants hereby remove the action pending in the Supreme Court of the State of New York, County of Nassau, in its entirety, to the United States District Court for the Eastern District of New York.

Dated:  July 27, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP

*s/ Steven C. Russo*
Steven C. Russo
200 Park Avenue
New York, New York 10166
Telephone: 212.801.2155
Facsimile: 212.805.9455
E-Mail: russos@gtlaw.com

Robert M. Rosenthal
54 State Street, 6th Floor
Albany, NY 12207
Telephone: 518.689.1426
Facsimile: 518.689.1499
E-Mail: rosenthalrm@gtlaw.com

**Attorneys for LII Defendants**

MORGAN, LEWIS & BOCKIUS LLP

*s/ John McGahren*
John McGahren
101 Park Avenue
New York, NY 10078
Telephone: 212.309.6000
Facsimile: 212.309.6001
E-Mail: john.mcgahren@morganlewis.com

**Attorneys for Philips Defendants**

## **CERTIFICATE OF SERVICE**

I, Steven C. Russo, hereby certify that on July 27, 2017, I caused a true and correct copy

of the foregoing Joint Notice of Removal to be served via Email and UPS overnight mail on the

following counsel of record:

Paul J. Napoli, Esq.
Tate J. Kunkle, Esq.
Napoli Shkolnik, PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017
212.397.1000
tkunkle@napolilaw.com
***Attorneys for Plaintiff***

*s/ Steven C. Russo*
Steven C. Russo